UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DEREK WOODS                                                                                                  PLAINTIFF

v.                                                                         CIVIL ACTION NO. 3:14cv663-DPJ-FKB

BEST BUY STORES, L.P.                                                                               DEFENDANT

ORDER

This *pro se* employment-discrimination and retaliation case is before the Court on Defendant Best Buy Stores, L.P.'s ("Best Buy") Motion for Summary Judgment [24]. Having fully considered the allegations and record evidence, the Court finds that the Motion should be granted.

I.      Facts and Procedural History

Plaintiff Derek Woods, an African American, was hired as a home delivery driver at Best Buy's Meridian, Mississippi, store on September 3, 2007. Woods Dep. [26-1] at 49 50. Woods continued his employment without incident until July of 2012, when he encouraged his friend, Thomas Parker, to apply for an open home-delivery-driver position at the Meridian store. In general terms, Woods believes Best Buy gave his friend the "run around" during the application process due to his race. *See* Compl. [1] ¶ 7(A) (K).

Over the next several months, a variety of performance and conduct-related disputes arose between Woods and Josh Sanders, the store's new general manager, including allegations that Woods: (1) dropped a refrigerator while working with another deliveryman; (2) damaged a loading-dock door; and (3) refused to work a new holiday schedule on a full-time basis. These issues culminated on November 29, 2012, when Sanders terminated Woods's employment for

refusing to work the new schedule. Def.'s Mot., Ex. E [26-5] at 2. The involuntary-separation notice also referenced the refrigerator and loading-dock issues. *Id.*

Aggrieved by the decision, Woods filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), alleging discrimination based on race and retaliation. Pl.'s Ex. A [1-2] at 3. After conducting an investigation, the EEOC issued a Dismissal and Notice of Rights based on an inability to establish any violations of the relevant statutes. *Id.* at 1.

On August 25, 2014, Plaintiff filed this suit against Best Buy, stating claims for racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Best Buy answered [6] and filed the instant Motion for Summary Judgment [24]. The Motion is now fully briefed. The Court has personal and subject-matter jurisdiction and is prepared to rule.

II.     Standard

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it

believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.  The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324.  In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).  Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments do not constitute an adequate substitute for specific facts showing a genuine issue for trial.  *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little*, 37 F.3d at 1075; *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993) (per curiam).

It must be noted that this standard applies equally to *pro se* litigants.  Although *pro se* pleadings must be viewed liberally, such plaintiffs are still required to follow Rule 56 of the Federal Rules of Civil Procedure.  In particular, the Court has no discretion to consider unsupported assertions and evidentiary materials that fall short of Rule 56's requirements.  *See Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980).  This rule limits the Court's discretion to assist an untrained litigant.  *McAlpine v. Porsche Cars N. Am. Inc.*, No. 09 10407, 2010 WL 6768322, at *3 (5th Cir. June 2, 2010) (noting lack of discretion).  In the present case, Woods does a surprisingly good job following these rules, but he fails to support some of his more critical factual assertions.

III.    Analysis

Though the Complaint is a bit vague as to the nature of the claims, the parties agree that Woods pursues race and retaliation claims under Title VII related to the termination of his employment.  Indeed, Woods testified during his deposition that the termination from employment is "the act that [he] base[s his] lawsuit on, the sole act . . . ." Woods Dep. [26-1] at 27.[1]  Best Buy accordingly framed its Memorandum around that employment decision, *see* Def.'s Mem. [26], and Woods followed the lead in response, arguing that as a result of Defendants' failures, "an unnecessary termination was effected." Pl.'s Resp. [29] at 22.  Accordingly, the Court will likewise focus on the termination under race and retaliation theories.

A.    Race-Discrimination Claim

Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e 2(a)(1).

When  as in this case  there is no direct evidence of discrimination, a plaintiff must follow the familiar burden-shifting analysis. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  To do so, Woods must first show that: (1) he is a member of a protected class; (2) he was qualified for the position at issue; (3) he was the subject of an adverse employment action; and (4) he was replaced by someone outside the protected class, or in the case of disparate treatment, he was treated less favorably than similarly situated employees under nearly identical

---

[1]Cites refer to ECF pagination.

circumstances.  *See Lee v. Kan. City S. Ry.*, 574 F.3d 253, 259 (5th Cir. 2009); *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 513 (5th Cir. 2001).

Under the *McDonnell Douglas* framework, if the plaintiff successfully establishes a *prima facie* case, the burden then shifts to the employer to offer a legitimate, non-discriminatory reason for the adverse employment action.  *Lee*, 574 F.3d at 259.  Once that burden is met, to prevail on a race-discrimination claim, the plaintiff must offer evidence to show "either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic (mixed-motive alternative)." *Rachid v. Jack in the Box*, 376 F.3d 305, 312 (5th Cir. 2004).

The present case never gets past the *prima facie* stage.  Woods does satisfy at least two of the essential elements   he is a member of a protected class and suffered an adverse employment action when he lost his job.  The Court is also willing to assume for the sake of argument that he was qualified for the position.

But Woods fails to prove the fourth prong of the analysis.  First, he has not disputed Best Buys' evidence that it replaced Woods with an African-American employee.  *See* Def.'s Mem. [26] at 16 (citing Ex. B, Wall Aff. [25-2] ¶ 11).  Second, Woods fails to show Best Buy treated him less favorably than similarly situated employees under nearly identical circumstances.  *See Lee*, 574 F.3d at 259.

The latter test is exacting.  "[A]n employee who proffers a fellow employee as a comparator [must] demonstrate that the employment actions at issue were taken 'under nearly identical circumstances.'"  *Id.* at 260 (quoting *Little v. Republic Ref. Co.*, 924 F.2d 93, 97 (5th

Cir. 1991)).  Although "nearly identical" is not equivalent to identical, "[e]mployees with different supervisors, who work for different divisions[,] . . . who were the subject of adverse employment actions too remote in time from that taken against the plaintiff[,] . . . [or] who have different work responsibilities" generally are not similarly situated to one another.  *Id.* at 259–60. And if a difference between the plaintiff and the comparator "'accounts for the difference in treatment received from the employer,' the employees are not similarly situated for the purposes of an employment discrimination analysis."  *Id.* at 260 (quoting *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 221 (5th Cir. 2001)).

In the present case, Woods fails to identify a similarly situated co-worker from outside his protected class who retained employment under nearly identical circumstances.  *Id.*  Indeed, Woods never addresses either of Best Buy's arguments regarding the fourth element of the *prima facie* case.

The Court could stop here, but in the interest of thoroughness, the result would remain the same if the burden shifted to Best Buy.  Best Buy easily meets its burden of producing a legitimate non-discriminatory reason for the termination—the work-related issues addressed above, capped off by a refusal to work as scheduled.  At that point, Woods was required to "rebut each nondiscriminatory or nonretaliatory reason articulated by the employer."  *McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007) (citations omitted).  He did not, arguing instead that while each incident may have happened, Best Buy should have handled the matters differently due to extenuating circumstances.  *See* Pl.'s Resp. [29] at 5–11.  That is not sufficient. "Although an employee may disagree with an employer's decisions the Court is not in the position to 'second guess' those decisions without evidence that an individual's race was a

determining factor in the end result." *Woodson v. Miss. Space Servs./Computer Sci. Corp.*, No. 1:05cv426WJG-JMR, 2007 WL 2012809, at *4 (S.D. Miss. July 6, 2007) (citing *Bienkowski v. Am. Airlines, Inc.*, 851 F.2d 1503 (5th Cir. 1988)).

While the Court is sympathetic to the difficulties *pro se* plaintiffs face, that does not alleviate the duty to address the essential elements of the claim. *Celotex Corp.*, 477 U.S. at 323. Here, Woods raises various questions of fact, but those questions are not material if he "fails to make a showing sufficient to establish the existence of an element essential to [his] case . . . ." *Id.* at 322. That is what has happened, and therefore the race claim must be dismissed.

B.     Retaliation Claim

In his Complaint, Woods states that Defendants violated Title VII by retaliating against him for "complaining to management . . . of an act of racial discrimination against a job applicant." Compl. [1] ¶ 1(B). Guided by the parties' interpretations, the Court construes this statement to allege that Best Buy terminated Woods's employment for complaining about Parker's application process.

Like the race claim, the retaliation claim follows the *McDonnell Douglas* burden-shifting analysis, starting with the *prima facie* case. *LeMaire v. La. Dep't of Transp. and Dev.*, 480 F.3d 383, 388 (5th Cir. 2007). To state a *prima facie* case of Title VII retaliation, "a plaintiff must show (1) that []he engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse action." *Davis v. Fort Bend Cnty.*, 765 F.3d 480, 489 90 (5th Cir. 2014) (internal quotation marks omitted).

If the plaintiff establishes a *prima facie* case, then "the burden shifts to the employer to state a legitimate, non-retaliatory reason for its decision." *LeMaire*, 480 F.3d at 388. "After the employer states its reason, the burden shifts back to the employee to demonstrate that the employer's reason is actually a pretext for retaliation." *Id.* at 388 89.

In this case, Best Buy concedes that an adverse employment action occurred, but contends that Woods cannot make a *prima facie* showing because he never engaged in any protected activity under Title VII and cannot show a causal relationship between his complaint and the subsequent discharge.

Considering the protected-activity argument first, it is well established that "[a]n employee has engaged in activity protected by Title VII if [he] has either (1) 'opposed any practice made an unlawful employment practice' by Title VII or (2) 'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing' under Title VII." *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996) (quoting 42 U.S.C. § 2000e-3(a)). Woods travels under the opposition clause, arguing that he opposed racial discrimination when he inquired into the issues related to Parker's application and interview process.

"An employee's informal complaint to an employer may constitute participation in a protected activity, provided that the complaint is in opposition to conduct that is unlawful, and the employee holds a good faith, reasonable belief of the conduct's unlawfulness." *Clark v. Chickasaw Cnty., Miss.*, No. 1:09CV192 SA JAD, 2010 WL 3724301, at *3 (N.D. Miss. Sept. 16, 2010) (citations and quotation omitted). Significantly, "[c]omplaints to employers that do not complain of conduct protected by Title VII do not constitute protected activities under the statute." *Id.* (citation and internal quotation marks omitted).

"While an employee is not expected to use precise legal terms," he must at least "put his employer on notice that his complaint was based on discrimination." *Wright v. Custom Ecology, Inc.*, No. 3:11CV760 DPJ FKB, 2013 WL 1703738, at *8 (S.D. Miss. Apr. 19, 2013) (citing *Tratree v. BP N. Am. Pipelines, Inc.*, 277 F. App'x 390, 396 (5th Cir. 2008) (finding no protected activity because plaintiff's complaint of unfair treatment never referred to the discriminatory treatment as age-based)); *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 349 (5th Cir. 2007) (affirming summary judgment on retaliation claim where the plaintiff's email focused on a workplace incident and "the deteriorating relationship" between the plaintiff and her supervisor and did not mention race); *Harris Childs v. Medco Health Solutions, Inc.*, 169 F. App'x 913, 916 (5th Cir. 2006) (holding that plaintiff did not engage in protected activity when she never "mentioned that she felt she was being treated unfairly due to her race or sex").

In this case, the competent record evidence establishes that Woods never specifically complained about race being a motivating factor behind Parker's treatment.  It appears that Woods may have intended to lodge such complaints, but that he stopped short.  According to Woods's deposition testimony, he "started to tell [human resources director Gail Wall] about the Thomas Parker matter . . . but before [he] could get into it, Gail Wall cut [him] off . . . ."  Woods Dep. [26-1] at 157 58.  Later, Woods confirmed that "not one time in any conversation that [he] had with HR, Gail Wall, or anybody else . . . did [he] tell any of those people, [t]hese things are happening because he's black . . . ."  *Id.* at 178.  Woods then confirmed that he never mentioned race because he was "not sure" and did not "want to speak without evidence."  *Id.*  Based on his testimony, Woods never engaged in protected activity.

9

In his Response, Woods makes a few conclusory statements suggesting that he mentioned race. In particular, he writes that Wall "refused to hear Plaintiff's claim of discrimination by redirecting the conversation . . . ." Def.'s Resp. [29] at 3. Later, he argues that Wall "redirected the conversation and avoided dealing with any issues of Discrimination or Retaliation." *Id.* at 22.

Viewed in a light most favorable to Woods, these comments *could* suggest that race was mentioned, but there are two problems. First, they are unsworn and not supported with citation to any record evidence. *See* Fed. R. Civ. P. 56(c)(1) (stating that a party asserting that a fact "is genuinely disputed must support the assertion by: (A) citing to *particular parts* of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials . . . ." (emphasis added)). Second, having admitted in deposition that he never mentioned race to anyone at Best Buy, any statements to the contrary that Woods might now offer—even in a sworn affidavit—would be of no avail. *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996) ("It is well settled that this court does not allow a party to defeat a motion for summary judgment using an affidavit that impeaches, without explanation, sworn testimony.").[2]

The only other complaint Woods references in his response is an email to Wall in which Woods states that "there is a personal issue going on which involves the current GM, Josh Sanders that I feel needs to be addressed urgently!" Def.'s Resp. [29] at 21. But this email

---

[2]Woods also argues that Best Buy objected to his request for production of any recordings of these conversations. That may be true, but it was Woods's obligation to file a motion to compel if he believed Best Buy improperly objected. As it stands, the discovery period is over, and the window to challenge discovery responses closed months ago. Moreover, he admitted during his deposition that he did not inform Wall that he believed Parker had been subjected to racial discrimination.

provides no notice of a Title VII objection because it makes no reference to racial discrimination or retaliation. Moreover, Title VII does not regulate "personality conflicts at work that generate antipathy . . . ." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

Viewed in a light most favorable to Woods, he fails to establish protected activity. And absent Best Buy's knowledge that Woods was complaining of race discrimination, Woods fails to show that protected activity was the "but for" cause of his termination. Woods's retaliation claim must be dismissed at the *prima facie* stage.[3] Defendant's Motion is granted.

III.   Conclusion

The Court has considered the parties' arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, Defendant's Motion for Summary Judgment [24] is granted, and Plaintiff's claims are dismissed with prejudice.

A final judgment will be entered separately in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 14th day of October, 2015.

   s/ *Daniel P. Jordan III*
   UNITED STATES DISTRICT JUDGE

---

[3] Even if a *prima facie* case existed, the burden-shifting analysis would be largely similar to the race claim. Best Buy has offered legitimate, non-retaliatory reasons for its actions, and as stated previously, Woods has offered no evidence rebutting each of those reasons. *See McCoy*, 492 F.3d at 557. Indeed, Woods has conceded that the incidents occurred though he takes issue with Best Buy's handling of them. *See* Pl.'s Resp. [29] at 5–11.